---

(Nos. 13930-13931-13932.—Cause transferred.)
THOMAS J. O'BRIEN, Appellant, *vs.* CHARLES E. FRAZIER *et al.* Appellees.—JULIUS C. TRIEBES, Appellant, *vs.* CHARLES E. FRAZIER *et al.* Appellees.—JAMES F. GUN-NER, Appellant, *vs.* CHARLES E. FRAZIER *et al.* Appellees.

*Opinion filed October 22, 1921.*

1. MANDAMUS—*when Supreme Court has no jurisdiction of direct appeal.* A direct appeal from the circuit court cannot be taken to the Supreme Court in a *mandamus* proceeding to compel civil service commissioners of a city to promote the petitioners to certain offices in the fire department, where no question of franchise or as to the validity of a statute or ordinance is involved.

2. OFFICES—*right to an office is not a franchise.* An office is not a franchise within the meaning of the Practice act giving the Supreme Court jurisdiction of a direct appeal where a franchise is involved.

3. APPEALS AND ERRORS—*question involving merely the construction of a statute does not authorize direct appeal.* A case involving merely the construction of a statute, and not its validity, does not give the right of a direct appeal to the Supreme Court.

APPEALS from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding.

P. J. O'KEEFFE, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, (WIL-LIAM W. SMITH, and HERVEY C. FOSTER, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Thomas J. O'Brien, Julius C. Triebes and James F. Gunner filed their separate petitions in the circuit court of Cook county praying for a writ of *mandamus* directed to Charles E. Frazier, Joseph P. Geary and Alexander J. Johnson, civil service commissioners of the city of Chicago, and Thomas O'Connor, chief of the fire department of said city, commanding the commissioners forthwith to certify petitioners for, and said Thomas O'Connor, as chief of the fire department of said city, to promote them to, the positions of lieutenants. The respondents filed a general demurrer to the petition. The court sustained the demurrer and entered final judgment thereon February 19, 1921, dismissing the petitions and adjudging costs against each petitioner. Each petitioner has perfected an appeal direct to this court.

The three petitions are identical except as to names and dates, and in the petitions it is alleged, in substance, that the petitioners are, and have been for a number of years, employed in the classified service of the city of Chicago in its fire department; that on February 24, 1920, they were each eligible under the Civil Service act and the rules of the civil service commission for promotion to the office of lieutenant, they having obtained a grade of more than the required 70 per cent in the promotional examination in said city on October 14, 1914; that on February 24, 1920, all parties having a higher grade in said examinations than petitioners had been theretofore promoted and upon said last date petitioners should have been promoted to the grade of lieutenant, but others were promoted in their stead who were not entitled to be promoted; that the reason for promoting the others in lieu of petitioners is, that the respondents wrongfully construed section 10½ of the amendment of 1919 to the Civil Service act, they holding that the parties having a lower grade than the petitioners were entitled to promotion over petitioners because of the fact that they

had rendered services in the army and navy departments of the United States in the late war with Germany. The causes have been consolidated for hearing and disposition in this court.

Only two questions are presented for our decision on this appeal: (1) Were the civil service commissioners justified in construing said amendment to apply to the existing published and certified register of July, 1915, following the examination? (2) If the commissioners were wrong in their construction of said amendment, can the appellants maintain *mandamus*, under the allegations of their petitions, to obtain their rights?

This court has no jurisdiction of these appeals. Neither the validity of a statute nor of an ordinance is involved. No question of franchise is involved or other question that would give this court jurisdiction. An office is not a franchise within the meaning of our Practice act, so as to give this court jurisdiction to hear an appeal direct from the trial court by a proceeding for *mandamus*. Section 10 of our statute on *mandamus* (Hurd's Stat. 1917, p. 1907,) provides that appeals and writs of error in cases thereunder shall be taken and prosecuted in the same manner and upon the same terms and with like effect as in other civil cases. This appeal should therefore have been taken directly to the Appellate Court and not to this court. (*People* v. *Deneen*, 201 Ill. 452; *Watts* v. *Sangamon County*, 212 id. 86; *People* v. *City of Chicago*, 268 id. 61.) A case involving merely the construction of a statute, and not its validity, does not give the right of appeal direct to this court. *McGrath* v. *People*, 100 Ill. 464; *Foote* v. *Lake County*, 198 id. 638.

The causes are transferred to the Appellate Court for the First District.          *Causes transferred.*