## Thomas J. O'Brien, Appellant, v. Charles E. Frazier et al., Appellees.

### Gen. No. 27,485.

1. OFFICERS AND PUBLIC EMPLOYEES—*amendment to Civil Service Act, sec. 10½, giving veterans preference not retrospective.* The amendment of 1919 to the Civil Service Act, sec. 10½, Cahill's Ill. St. ch. 24, ¶ 695, extending preference to certain veteran soldiers, is applicable only to promotional examinations held after the amendment became effective and does not apply to persons who had passed a promotional examination prior to the amendment and whose names appeared on existing registers at the time of the enactment, and names on such register should be certified in their order in case of vacancies regardless of the preference extended by such amendment.

2. MANDAMUS—*sufficiency of allegations of petition.* In a petition for writ of mandamus to require civil service commissioners to certify the petitioner's name for the position of lieutenant in the fire department, an allegation that such position was duly created by ordinances which are still in full force and effect is a conclusion of law.

3. MANDAMUS—*sufficiency of petition as to creation of civil service office.* A petition for writ of mandamus to compel civil service commissioners to certify petitioner's name for the position of lieutenant of the fire department sufficiently shows creation of the office in question without any reference to any ordinance and the petitioner's right to the writ where it is alleged that petitioner was a civil service employee qualified to take the promotional examination for such position, that the Civil Service Act applied to such position and to the city in question and that such promotional examination was held, that petitioner took and successfully passed it and that his name was placed upon the eligible register, that persons whose names appeared thereon above petitioner's were afterwards appointed to the position, and the certification of other names than plaintiff's for the position for which plaintiff was entitled to have his name certified, and failure to certify plaintiff for such position.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1921. Reversed and remanded with directions. Opinion filed February 16, 1923.

P. J. O'KEEFFE, for appellant.

Samuel A. Ettelson, for appellees; William W. Smith and Hervey C. Foster, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Thomas J. O'Brien filed his petition in the circuit court of Cook county praying for a writ of mandamus directed to the three civil service commissioners and to the chief of the fire department of the City of Chicago, commanding the commissioners forthwith to certify the name of the petitioner to the chief of the fire department as being eligible for promotion to a lieutenancy in the fire department, and directing and commanding the chief of the department to promote the petitioner accordingly, and for such further order as justice may require. A general demurrer filed by the respondents was sustained and the petition dismissed, to reverse which an appeal was taken by the petitioner to the Supreme Court of this State where, upon consideration, it was transferred to this court, the Supreme Court holding that it had no jurisdiction of the matter. *O'Brien v. Frazier,* 299 Ill. 325.

In its opinion transferring the case to this court, the Supreme Court said (p. 327): "Only two questions are presented for our decision on this appeal: (1) Were the civil service commissioners justified in construing said amendment (section 10½ of the Civil Service Act, Laws of 1919, p. 287) to apply to the existing published and certified register of July, 1915, following the examination?" and (2) if the commissioners were wrong in their construction of the statute, can appellant maintain mandamus under the allegations of his petition to obtain his rights?

The petition alleged in substance that the petitioner is and for upwards of ten years last past has been employed in the classified service of Chicago in its fire department, which department is operated under and pursuant to the provisions of the Civil Service Act;

that the respondents Charles E. Frazier, Joseph P. Geary and Alexander J. Johnson are the civil service commissioners of Chicago, and the respondent Thomas O'Connor is chief or executive head of the fire department of Chicago, and that he had charge of appointments to the position of lieutenant in that department from the eligible list of names certified to him by the civil service commissioners, as provided by law; that in accordance with the Civil Service Act the commissioners have from time to time held promotional examinations for the position of lieutenant in the fire department and from such examinations have prepared a register or list of those persons who have attained a general average of more than 70 per cent in such examinations, and that such persons were classified by the commissioners and their names placed upon a register or list in the order of their relative merit as determined by such examination as provided in the act; that on October 14, 1915, a promotional examination for the position of lieutenant in the fire department was held, and that petitioner was eligible for such promotion if he passed the examination; that he participated in the examination and passed with a grade of more than 79 per cent and that a list of those persons successfully passing that examination was published by the civil service commissioners in July, 1915; that such list had not been canceled or superseded prior to February 24, 1920, and that from such list of eligible names were certified by the commissioners to the chief of the fire department ·from time to time as required; that the persons whose names were so certified and who had passed the examination with a higher grade than petitioner were appointed by the chief of the department as lieutenants; that names had been certified from said list until on December 24, 1919, petitioner was number 14 on the list; that on that date twelve of the names appearing above petitioner were certified by the com-

missioners to the chief of the fire department and that such persons were promoted to the positions of lieutenant in the fire department; that prior to February 24, 1920, three more persons were certified from such list upon request of the chief of the fire department and were also promoted to lieutenancies; that the names of these three persons were lower down on the list than petitioner's, and that they were so certified by the commissioners for the reason that the commissioners awarded them extra credit under the provisions of section 10½ of the Civil Service Act as amended June 28, 1919 [Cahill's Ill. St. ch. 24, ¶ 695]; that petitioner was not certified as he had right to be under the law; that the construction placed upon section 10½ by the commissioners was wrong and the certification of those persons whose names appeared lower on the list than petitioner's was illegal and void. Subsequently, by leave of court, the petition was amended by adding a further allegation that "the office of lieutenant in the fire department of the City of Chicago was an office duly created by the ordinances of the said City of Chicago, which ordinances were, at the time of the holding of said examination, and ever since have been and still are in full force and effect."

Section 10½ of the Civil Service Act, prior to the amendment of 1919, provided that persons who had been engaged in the military or naval service of the United States during the Civil War and who were honorably discharged should be preferred for appointments to civil service offices, provided they were found to possess the proper qualifications as shown by the examinations. This section was amended June 28, 1919, to extend the same benefits to veterans of the Spanish-American War and the World War, and the following provisions were added: "* * * *provided, however,* that this shall not apply to promotions provided for in section 9 hereof, but in such promotions such person or persons shall be given an addi-

tional credit in the promotional examination of one per cent (1%) (on the basis of 100%) for each six months or fraction thereof of such military or naval service; and, *provided, further* that such additional credit shall not be computed so as to increase or decrease the rating allotted to any person competing in such examination for ascertained merits (efficiency) or seniority in service. *And provided further*, that no person shall be given such additional credits in the promotional examination for more than eighteen months of such military or naval service.''

It is contended by the petitioner that this statute, as amended, applies only to promotional examinations held after the amendment became effective and that it has no application to persons who had theretofore passed such promotional examinations and whose names appeared on existing registers at the time of the enactment. On the other hand, respondents' position is that the amendment applies both to promotional examinations held after the passage of the amendment and to existing registers or lists of eligibles who had taken promotional examinations before the amendment, if such persons had rendered the military or naval service mentioned in section 10½.

The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words enlarged or restricted according to their real intent. In determining the meaning of a statute the court will always have regard to existing circumstances, contemporaneous conditions and the object sought to be attained by the statute. *Hoyne v. Danisch*, 264 Ill. 467. It is also the law that statutes will always be construed to operate *in futuro* only and a retrospective effect will not be given unless it clearly appears that such was the intention of the legislature. *Russell & Allison Drain. Dist. v. Benson*, 125 Ill. 490. What was the intention of the legislature in enacting the law in

question? Did it intend that these persons who had rendered service in the army or navy and who had taken promotional examinations prior to the amendment of the statute in question should be given the additional credit specified in the amendment, or did it intend that such additional credit should only apply to examinations taken after the date the amendment became effective? We think it applied to the latter only, for in that part of the amendment that applies to promotional examinations it is provided that "in such promotions such person or persons shall be given an additional credit in the promotional examination of one per cent * * * for each six months or fraction thereof of such military or naval service; * * * *And provided further,* that no person shall be given such additional credits in the promotional examination for more than eighteen months of such military or naval service." It will thus be seen that the statute expressly provides that the additional credit shall be given to persons entitled thereto in the promotional examinations and the legislature did not have in mind existing registers or lists of persons who had taken promotional examinations before the amendment. In the case at bar the examination took place in 1914 and the list of names was posted in 1915, four years before the amendment was enacted, and it follows, therefore, that the names on this register should have been certified in their order and not as was done, as shown by the allegations of the petition.

But the respondents contend that even if this construction of the statute were adopted, it would make no difference in the result reached by the trial judge because the allegations of the petition are insufficient in that they fail to show that the position of lieutenant in the fire department was created by ordinance; that the allegation in the amendment to the petition with reference to the creation of the office by ordinance is but a conclusion of the pleader and does not set up facts. On the other hand, the petitioner contends that

the amendment sufficiently stated facts tending to show that the office of lieutenant in the fire department was duly created by ordinance of the City of Chicago. We think the allegation is insufficient. It simply avers that the office "was duly created by the ordinances of the City of Chicago" which were and still are in full force and effect. This is clearly a conclusion only. But we are of the opinion that it was not necessary to refer to an ordinance at all in the petition, because it is there alleged that petitioner was a civil service employee and qualified to take the promotional examination for the position of lieutenant in the fire department; that the Civil Service Act applied to Chicago, and that respondents, the civil service commissioners, held such promotional examination; that the petitioner successfully passed this examination and his name was placed upon the register of persons eligible for promotion; that afterwards the persons whose names appeared above petitioner were certified by the commissioners and appointed to the position of lieutenant in the fire department. The Civil Service Act provides for the appointment of civil service commissioners, and section 3 [Cahill's Ill. St. ch. 24, ¶ 687] requires the commissioners to classify "all the offices and places of employment in such city" except those exempted by section 11 of that act, and that the offices and places so classified shall constitute the classified civil service of such city and that no appointments to any such offices or places shall be made except under that act and the rules of the commission. Section 6 [Cahill's Ill. St. ch. 24, ¶ 690] provides for the examination of all applicants for all offices and places of employment in the classified civil service, and by section 8 [Cahill's Ill. St. ch. 24, ¶ 692] the commissioners are required to prepare a register for each grade or class of employment in the classified service, and of all persons whose general average upon such examination is not less than the minimum required by the rules of the commission and that they

shall take rank upon the register as candidates in the order of their relative excellence as determined by the examination. Section 9 [Cahill's Ill. St. ch. 24, ¶ 693] requires the commission to provide by its rules for promotion in the classified service, and makes it the duty of the commission to submit to the appointing power the names of not more than three applicants for each promotion having the highest rating.

"An employment by a municipal corporation in the absence of statutory or charter provisions, need not necessarily be by a formal ordinance, by-laws or resolution. It may be by contract express or implied." (*People v. Coffin,* 282 Ill. 599.) In the instant case, the allegations of the petition warrant the conclusion that the place of lieutenant in the fire department is an employment or position and not an office.

From the allegations of the petition, which are admitted to be true by the demurrer, it appears that the civil service commissioners followed the provisions of the law in preparing a list or register on which the petitioner's name appeared, and in the certification of such names to the chief of the fire department except in its failure to certify the name of the petitioner. Public officials are presumed to perform the duties delegated by law to them and it would be idle to say that the commissioners would have gone through the form of holding promotional examinations, preparing a register and certifying names therefrom if the office had not been properly created. As was said in the case of *Law v. People,* 87 Ill. 385, the city council "would not have been guilty of extreme folly of making appropriations for paying for such offices when none existed." It follows that the demurrer to the amended petition was improperly sustained and the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*

THOMSON, P. J., and TAYLOR, J., concur.