The People of the State of Illinois ex rel. Herman Hansen, Appellee, v. Richard J. Collins et al., Appellants.

Gen. No. 35,794.

Opinion filed March 28, 1932. Rehearing denied April 11, 1932.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellants.

JAMES G. CULBERTSON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The petitioner, Herman Hansen, sought by mandamus against the Civil Service Commission of Chicago certain preferences in appointment and employment by virtue of the fact that he was an honorably discharged veteran of the United States Navy, and hence, under section 10½ of the Civil Service Act, chapter 24, paragraph 695, Illinois Statutes (Cahill) 1931, entitled

to such preference. To his petition respondents filed a general demurrer which was overruled, and respondents electing to stand by their demurrer judgment awarding the writ of mandamus was entered.

The ultimate question presented is whether, when it becomes necessary to lay off some employees of a class, the commissioners shall first lay off persons who were last certified to such employment, as prescribed by their rules, or, as petitioner contends, should the commissioners first lay off those who were not veterans and lay veterans off last?

The petition asserts the adoption in April, 1895, of "An Act to regulate the civil service of cities"; that pursuant to this act the Civil Service Commission classified the offices and places of employment in the city, including the classification of carpenters; that the act provided that the commissioners should adopt rules for carrying out the purposes of the act; that sections 1 and 3 of rule 9 provide that whenever it becomes necessary to reduce the force in any employment "the person who was last certified to such employment shall be the first laid off"; that section 10½ of the Civil Service Act, Cahill's St. ch. 24, ¶ 695, provides that persons who were engaged in military or naval service of the United States and who were honorably discharged therefrom "shall be preferred for appointments to civil offices," provided they possess the capacity properly to discharge the duties of such office; "and it shall be the duty of the examiner or commissioner certifying the list of eligibles who have taken the examinations provided for in this Act, to place the name or names of such persons at the head of the list of eligibles certified for appointment." The section also contained provisions pertaining to promotions.

Petitioner alleged that he was an honorably discharged veteran from the navy of the United States and took and passed the original examination for car-

penter, was placed on the eligible list with those who had successfully passed the examination and was thereafter certified to the office of employment as such carpenter, where he had served the six months' probationary period. Petitioner asserts that under section 10½ aforesaid, he should be placed at the head of the eligible list or register of carpenters and should be retained or employed as such carpenter until all of those on this list who are not veterans are first discharged or laid off, and, should it become necessary to lay off petitioner, that he should be recalled first before those who are not veterans are recalled, notwithstanding the rules of the commission to the contrary.

Defendants' position seems to be that the section in question provides exclusively for only two preferences to veterans: (1) the placing of their names at the head of the list of eligibles who have taken the examinations, and (2) in promotional examinations; that preferences are therefore confined to these situations and the court cannot extend or expand the section to include any other preferences such as retention in employment.

Petitioner presents decisions by the New York courts construing provisions of the constitution and statutes of that State which are somewhat analogous to those in the Illinois statute. The New York constitution provides ''that veterans shall be entitled to preference in appointment and promotion.'' (New York Constitution, sec. 9 of article 5.) This language is repeated substantially in the New York Statute, sec. 21, ch. 15. *In re Matter of Stutzbach v. Coler,* 168 N. Y. 416, and in *People ex rel. Davison v. Williams,* 213 N. Y. 130, the words ''appointment and promotion'' were construed to mean the same as ''appointment, employment and promotion.'' In a number of New York decisions it was held in substance that veterans were entitled to preference when a reduction of positions had

become necessary. *McCloskey v. Willis,* 44 N. Y. S. 682; *In re Matter of Sullivan,* 55 Hun (N. Y.) 285, and *People ex rel. Davison v. Williams, supra.*

Comparison of the New York Constitution and statute with section 10½ of our own Civil Service Act shows a clear difference in this, that while the New York enactments provide only in general terms for preferences to veterans, our statute specifies the circumstances under which preferences shall be given. The New York enactments left open the particular circumstances under which preferences should be given, to be determined by statute, rules, or construction by the courts. It was pursuant to this policy that the New York courts held that preferences to veterans should be given under the circumstances presented in those cases. In section 10½ of our statute the particular circumstances under which preferences to veterans are to be given are specified; these are (1) that ''the examiner or commissioner certifying the list of eligibles who have taken the examinations provided for in this Act (shall) place the name or names of such persons (veterans) at the head of the list of eligibles certified for appointment,'' and (2) with reference to promotions, where an applicant for promotion to a higher position, if a veteran, shall be ''given an additional credit in the promotional examination of one per cent (1%) (on the basis of 100%) for each six months or fraction thereof of such military or naval service.''

The first preference applies to the veteran before he enters the classified service; the second provides for an additional credit to the veteran, upon examinations for promotion, who is already in the service.

In the construction of statutes the rule is that an enumeration of certain specified things excludes all others not therein mentioned. *Consolidated Coal Co. of St. Louis v. Miller,* 236 Ill. 149; *People's Loan &*

*Homestead Ass'n v. Keith*, 153 Ill. 609. Applying this rule we are of the opinion that the legislature did not intend to give preferences except in the two instances specified in the act. If it had been the intention to give veterans already in the service, in the event of a lay-off, preference over non-veterans who were already in the service, it is reasonable to presume that the legislature would have expressed this intention. We must construe its omission so to do as indicating its intention not to interfere with the status of employees after they had entered the public service. We have no power by judicial interpretation to extend the operation of a statute beyond the limits specified therein. This can be accomplished only by legislative enactment.

For the reasons indicated we are of the opinion that the demurrer to the petition should have been sustained. The judgment awarding the writ is therefore reversed and the cause remanded for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.