People of State of Illinois ex rel. Claude J. Brady et al., Appellees, v. Walter L. Gregory et al., Appellants.

Gen. No. 44,007.

Opinion filed May 8, 1947. Rehearing denied May 27, 1947. Released for publication May 27, 1947.

---

\* See **Callaghan's Illinois Digest,** same topic and section number.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL, Head of Appeals and Review Division, FRED V. MAGUIRE, CARL H. LUNDQUIST and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

SHEEHAN & EGAN, of Chicago, for appellees; ROY J. EGAN, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

In these consolidated cases Claude J. Brady and eleven other plaintiffs each filed a separate petition for a writ of mandamus to compel the Civil Service Commission to give them credit for military service so as to advance their standing on the eligible list for the position of sergeant in the police department of the City of Chicago. Defendants moved to strike each of the complaints and to dismiss the suits on the ground that plaintiffs' military service had been rendered after they had taken the promotional examination for sergeant and their names had been posted on the eligible list for that position. Their motions were overruled, and defendants having elected to stand thereon, and in default of an answer, the court entered judgment in favor of each of the plaintiffs and awarded the writ of mandamus, from which this appeal is taken.

The complaints are identical in form and vary only as to the dates when each plaintiff became a patrolman in the classified service of the police department, the dates of the military service rendered, and the number representing the standing of each plaintiff on the eligible list. With respect to Brady, the complaint alleged that he was inducted into the armed forces of the United States of America on July 22, 1942, and was honorably discharged on September 25, 1945; that he successfully passed an examination for patrolman and was duly certified and appointed as such in the police department on March 25, 1933; that on June 3,

1936, the Civil Service Commission held a promotional examination for the position of sergeant of police; that he took and passed that examination, and when the eligible list was posted on June 9, 1938, his name appeared thereon as No. 539; that after his honorable discharge in 1945, he presented to the Civil Service Commission his military record and supporting documents for the purpose of receiving credit pursuant to section 10½ (par. 49) of An Act to regulate the civil service of cities (Ill. Rev. Stat. 1945, ch. 24½ [Jones Ill. Stats. Ann. 23.050]); that notwithstanding his demand, the Civil Service Commission refused to give him such credit; and he alleged on information and belief that other veterans of World War II whose names were on the eligible list for sergeant, upon which his name likewise appeared, received credit for military service and have been appointed as sergeants, and that the action of the Civil Service Commission as to him is discriminatory, illegal and contrary to the statute.

As the principal ground for their motion to strike the complaint and dismiss the suit, defendants alleged that under sec. 10½ of the statute and under the decisions of the Appellate and Supreme Courts of Illinois, plaintiffs are not entitled to military preference for a promotional position in the civil service unless such military service was performed prior to the taking of the promotional civil service examination, and the question therefore involved is the right of a person on the eligible list for a promotional position in the classified civil service to receive credit for military service rendered after he has taken the promotional examination and the eligible list for that examination has been posted. Section 10½ of the statute hereinbefore cited, reads as follows: "Preference to soldiers —Promotional examinations.] Persons who were engaged in the military, or naval service of the United States during the years 1861, 1862, 1863, 1864, 1865, 1898, 1899, 1900, 1901, 1902, 1914, 1915, 1916, 1917,

1918, or 1919, or any time between September 16, 1940 and the termination of World War II, and who were honorably discharged therefrom, and all persons who were engaged in such military or naval service during any of said years, or any time between September 16, 1940, and the termination of World War II, who are now or may hereafter be on inactive or reserve duty in such military or naval service, not including, however, persons who were convicted by court-martial of disobedience of orders, where such disobedience consisted in the refusal to perform military service on the ground of alleged religious or conscientious objections against war, shall be preferred for appointments to civil offices, provided they are found to possess the business capacity necessary for the proper discharge of the duties of such office, and it shall be the duty of the examiner or commissioner certifying the list of eligibles who have taken the examinations provided for in this Act, to place the name or names of such persons at the head of the list of eligibles certified for appointment, provided, however, that this shall not apply to promotions provided for in section 9 hereof, but in such promotions such person or persons shall be given an additional credit in the promotional examination of one per cent (1%) (on the basis of 100%) for each six months or fraction thereof of such military or naval service; and, provided, further that such additional credit shall not be computed so as to increase or decrease the rating allotted to any person competing in such examination for ascertained merits (efficiency) or seniority in service. And provided further, that no person shall be given such additional credits in the promotional examination for more than eighteen months of such military or naval service. As amended by act approved May 28, 1943.'' The amendment of the foregoing section to include military service in World War II was enacted after plaintiffs had taken their examinations and the eligible list on which their names appeared, had been posted.

Defendants cite *O'Brien v. Frazier*, 228 Ill. App. 118, as precisely in point. It appears from that opinion, written by Mr. Justice O'CONNOR, that the Civil Service Commission had granted military preference to three persons lower down than plaintiff on an eligible list which had resulted from a promotional examination for the position of lieutenant in the fire department. The examination had been held October 14, 1914, and the list of those who had successfully passed was posted shortly thereafter. Plaintiff in that case contended that the statute, as amended June 28, 1919, to include veterans of World War I, applied only to promotional examinations held after the amendment became effective and that it had no application to persons who had theretofore passed such promotional examinations and whose names appeared on existing registers at the time of the enactment. The court, in adopting plaintiff's contention, held that the statute was not retroactive and did not apply to persons who had taken the promotional examinations and whose names had been placed on eligible lists prior to the enactment of the amendment there under consideration, and said: "It will thus be seen that the statute expressly provides that the additional credit shall be given to persons entitled thereto in the promotional examinations and the legislature did not have in mind existing registers or lists of persons who had taken promotional examinations before the amendment. In the case at bar the examination took place in 1914 and the list of names was posted in 1915, four years before the amendment was enacted, and it follows, therefore, that the names on this register should have been certified in their order and not as was done, as shown by the allegations of the petition."

In a later case, *People ex rel. Hansen v. Collins*, 266 Ill. App. 24, plaintiff, under section 10½ of the statute, sought by a mandamus to obtain preference in retention of employment by virtue of his military service. The question there involved was whether veterans

should be laid off last. In an opinion by Mr. Justice McSurely the court pointed out that the applicable section of the statute provided for two types of military preference: (1) with reference to original entrance into civil service, veterans shall be placed at the head of the eligible list; and (2) with reference to promotional appointment, veterans shall be given an additional credit in the promotional examination for each six months or fraction thereof of military service. In compliance with the dictum that "In the construction of statutes the rule is that an enumeration of certain specified things excludes all others not therein mentioned," the court held that the legislature did not intend to give preferences except in the two instances specified in the Act, and added that "We have no power by judicial interpretation to extend the operation of a statute beyond the limits specified therein. This can be accomplished only by legislative enactment." The *Hansen* case was subsequently affirmed by the Supreme Court (351 Ill. 551) which, in its opinion, resolved the question involved in the following terms: "By section 10½ of the Civil Service act, persons who were engaged in the military or naval service of the United States during the years enumerated and who meet the other requirements prescribed, 'shall be preferred for appointments to civil offices' and, in examinations for promotions in the classified service, shall receive additional credits upon a basis defined in the section. These two preferences, and none other, are given to qualified veterans by the statute."

More recently, the third division of this court had occasion to consider the question of military preference in *People ex rel. McCabe v. Gregory,* 328 Ill. App. 513, wherein Mr. Justice Burke wrote the opinion. The only question involved in that case was the right of plaintiff to military preference in connection with an original appointment; nevertheless, the court, in

analyzing section 10½ of the statute, said that "The first part gives veterans preference for original appointment. The second does not, but gives *additional credit in the promotional examination,* fixing the basis of that credit and limiting it to not more than 18 months of service."

■■ Plaintiffs argue that it was the intention of the legislature that all veterans who were honorably discharged from service in World War II should receive credit for military service in appointments to civil office; that section 10½ should apply where a veteran rendered military service after he had taken a promotional examination and after his name appeared on the eligible list; that the statute was enacted to give veterans a preference over nonveterans in appointments; and that in construing the Act to ascertain the legislative intent the court, in examining the language employed, should also consider the end to be attained. Any inclination the courts may have to give veterans a preference over nonveterans in appointments to civil offices, is of course transcended by the intent of the legislature, as expressed in the statute. As was said in the *O'Brien* case: "The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words enlarged or restricted according to their real intent." In the *McCabe* case, upon which plaintiffs rely, the court, being merely called upon to decide whether military preference should be given to veterans in original appointment to civil service positions, nevertheless differentiated the provisions of section 10½ with respect to original appointments and the credit to which veterans are entitled under the provisions of the statute in promotional examinations, and said that although the first part of the statute gives veterans preference for original appointments, the second does not, but merely "gives *additional credit in the promotional examination.*" We think that the

*O'Brien* case is precisely in point and decisive of the question here presented, and that the *Hansen* and *Mc-Cabe* decisions support the construction placed upon the statute in the *O'Brien* case.

For the reasons indicated the action of the trial court in awarding a writ of mandamus to the several plaintiffs in the consolidated cases should be reversed, and it is so ordered.

*Order reversed.*

SULLIVAN, P. J., and SCANLAN, J., concur.