In the Matter of Objections of Ross Loughmiller et al., to Sufficiency of Petitions Protesting Passage of Certain Ordinance Amending Sections 1, 4, 8 and 14 of Ordinance Authorizing and Providing for Issue of $9,000,000.00 of Sewer Revenue Bonds of City of Springfield, etc.

Ross Loughmiller et al., Objectors-Appellees, v. George F. England, on Behalf of Himself and all Other Petitioners, Respondents-Appellants.

**Gen. No. 9,973.**

Opinion filed July 12, 1954. Released for publication July 28, 1954.

R. GARRETT PHILLIPS, of Springfield, for appellants.

HUGH J. GRAHAM, Jr., of Springfield, for appellees.

MR. PRESIDING JUSTICE CARROLL delivered the opinion of the court.

On August 4, 1953 the City Council of the City of Springfield, pursuant to the provisions of Article 60, chapter 24, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 21.1989 et seq.], passed an ordinance authorizing and providing for the issuance of $9,000,000 sewer revenue bonds for the purpose of defraying the cost of improving, extending and maintaining the sewerage system of said city. On August 5, 1953, said ordinance was published in a newspaper of general circulation in the City of Springfield. On December 29, 1953, the City Council passed an ordinance amending certain sections of the ordinance of August 4, 1953, which amended ordinance was published in accordance with law on December 30, 1953.

On January 26, 1954, or 28 days after the passage of the amendatory ordinance, petitions protesting the passage of said ordinance, which petitions contained the names of more than 8,000 electors of said city, were filed with the Clerk of the City of Springfield. Objections to the sufficiency of said petitions were filed with the City Clerk by the objectors herein. The petitions and objections were referred, as provided by statute, to the circuit court of Sangamon county. Respondents filed an answer to the objections. Upon hearing the circuit court found "that the petitions filed with the City Clerk of the City of Springfield on January 26, A. D. 1954 and thereafter filed with the Clerk of the Circuit Court of Sangamon County, Illinois on February 2, A. D. 1954 are not sufficient in law to authorize a referendum of the electors of the City of Springfield, Illinois on the ordinance of December 29, A. D. 1953 of the City

of Springfield, Illinois concerning the issuance of Sewer Revenue Bonds for the reasons that: (1) The petitions show on their face that they were not filed pursuant to Section 60—4 of Article 60, Revised Cities and Villages Act calling for a referendum on the question of constructing sewers and issuing sewer revenue bonds as therein provided and (2) even if the petitions were to be considered sufficient in form to satisfy the requirements of Section 60—4 of Article 60, Revised Cities and Villages Act aforesaid they were not filed within the period of 10 days after publication as required by statute" and entered its decree accordingly. From the decree of the circuit court respondents have prosecuted this appeal.

The facts are not in dispute, nor are there any questions raised on the pleadings.

The sole issue presented by this appeal is whether an ordinance providing for a sewerage system and for revenue bonds to finance that system, adopted pursuant to the authority conferred by Article 60, sections 60—1 through 60—12 of the Revised Cities and Villages Act [Ill. Rev. Stats. 1953, ch. 24, §§ 60—1 to 60—12; Jones Ill. Stats. Ann. 21.1989–21.2000], and adopted by a city operating under the Commission Form of Municipal Government, goes into effect ten days after its publication if no petition calling for a referendum is filed within ten days, as provided by section 60—4 of Article 60 of the Revised Cities and Villages Act [Ill. Rev. Stats. 1953, ch. 24, § 60—4; Jones Ill. Stats. Ann. 21.1992], or whether such an ordinance adopted by a City operating under that form of government is suspended in operation for a period of 30 days from its final passage and upon petition being filed in said 30 days is required to be reconsidered by the City Council and upon such reconsideration is required to be repealed or subjected to a referendum as provided in section 19—69 of Article 19 of the Revised Cities and

149

Villages Act [Ill. Rev. Stats. 1953, ch. 24, § 19—69; Jones Ill. Stats. Ann. 21.1511].

It is the contention of respondents that section 19—69 of Article 19, chapter 24, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 21.1511] provides the only method of procedure by which petitioners could protest passage of the ordinance in question; that said ordinance is not an exception to section 19—69 of Article 19 of the Cities and Villages Act; that the 10-day limitation on the filing of a petition as provided in section 60—4 of said Act is not applicable to respondents' petitions since they did not seek a referendum on the ordinance in question, but merely sought to protest the passage thereof, which action would result in suspending the operation of the ordinance and reconsideration thereof by the City Council.

It is the objectors' theory of the case that the statutory provisions as contained in section 19—69 of the Act under which respondents filed their petitions, have no application to the ordinance in question; that the petitions do not comply with the provisions of Article 60 of the Revised Cities and Villages Act under which the said ordinance was passed, and that the ordinance in question constitutes one of the exceptions to the method of protesting an ordinance as provided in section 19—69, Article 19 of the Act.

The pertinent provisions of section 19—69, Article 19, chapter 24, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 21.1511] are as follows:

"19—69.   Ordinances not effective for 30 days—Exceptions—Petition protesting passage—Submission to electors.)   Except when otherwise required by the laws of the State, including this Act, and except local improvement ordinances, and except an ordinance for the immediate preservation of the public peace, health, or safety, which contains a statement of its urgency

150

and is passed by a vote of at least four members of the council, no ordinance passed by the council shall go into effect before thirty days from the time of its final passage. If during this thirty day period a petition signed by the electors of the municipality equal in number to at least ten per cent of the entire number of votes cast for the candidates for mayor at the last preceding general quadrennial municipal election, protesting against the passage of such an ordinance, is filed with the municipal clerk, the ordinance shall be suspended from going into operation, and the council shall reconsider the ordinance. If the ordinance is not entirely repealed, the council shall submit the ordinance as provided in subsection (b) of section 19—66, to a vote of the electors of the municipality, either at a general election or at a special election called for that purpose. If such a petition is filed, the ordinance shall not go into effect unless a majority of the electors voting on the ordinance vote in favor thereof. But if no such petition is filed, such an ordinance, subject to section 19—51, shall be in effect upon the expiration of the thirty day period. The signature, verification, authentication, inspection, certification, submission, and the manner of and jurisdiction for testing the sufficiency, of such a petition shall be the same as that provided for petitions under sections 19—58 to 19—60 inclusive, except that the petition shall be filed with the municipal clerk in all cases."

The pertinent provisions of section 60—4, Article 60, chapter 24, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 21.1992] are as follows:

"60—4. **Publication—Referendum on Petition—Election.)** Within 10 days after this ordinance has been passed, it shall be published at least once in one or more newspapers published in the municipality, or, if no newspaper is published therein, then in one or

more newspapers with a general circulation within the municipality; except that, in municipalities with less than 500 population in which no newspaper is published, publication may be made by posting a notice in three prominent places within the municipality.

"If the ordinance specifies that the municipality has been directed by an order issued under the provisions of 'An Act to establish a Sanitary Water Board and to control, prevent and abate pollution of the streams, lakes, ponds and other surface and underground waters in the State, and to repeal an Act named therein,' approved July 12, 1951, to abate its discharge of untreated or inadequately treated sewage, the ordinance authorizing the issuance of those revenue bonds shall be in effect immediately upon its adoption and publication, or posting, as provided in this section, notwithstanding any provision in this Act or any other law to the contrary.

"In all other cases, if no petition is filed with the municipal clerk as hereinafter provided in this section, within ten days after the publication or posting of the ordinance, the ordinance shall be in effect after the expiration of that ten day period. But if within that ten day period a petition is filed with the municipal clerk signed by electors numbering fifteen per cent of the number of electors voting for the mayor or president at the last preceding general municipal election, asking that the question of improving or extending or of construction or acquiring and improving and extending a sewerage system and of issuing revenue bonds to pay the cost thereof be submitted to the electors of the municipality, the corporate authorities of the municipality shall call a special election in the manner provided by law to vote upon that question, or, if a general state or municipal election is to be held within a period of ninety days, shall submit the question at the next general state or municipal election.

"If it appears upon the canvass of the election by the corporate authorities that a majority of the electors voting upon the question voted in favor thereof, the ordinance shall be in effect, but if a majority of the electors voting upon the questions are not in favor thereof, the ordinance shall not take effect." As amended 1947, July 21, Laws 1947, p. 542, sec. 1; 1951, July 12, Laws 1951, p. 1473, sec. 1; 1953, July, Laws 1953, p. 1783, sec. 1.

For convenience and clarity, these sections will be referred to herein as Articles 60 and 19 respectively.

There appears to be no dispute between the parties as to the fact that the ordinance in question was adopted by the council of the City of Springfield pursuant to the provisions of Article 60 of the Act. This article confers special powers upon a municipality with reference to the construction and operation of a sewerage system. It provides for the issuance of revenue bonds payable solely from the revenue derived from the operation of a sewerage system by a municipality. It specifies in detail the procedure which a municipality must follow in the adoption of an ordinance for a sewer-system project as embraced within the said article. It is complete in itself and appears to constitute a comprehensive delegation of powers to municipalities to deal with the matter of financing sewerage systems by the issuance of revenue bonds. It specifically provides that if no petition for a referendum is filed within 10 days after publication of the ordinance, then such ordinance shall be in effect after the expiration of that 10-day period. No provision is made by Article 60 for the filing of a petition by the electors of a municipality protesting against passage of an ordinance passed thereunder. Nor does it provide for reconsideration of an ordinance by the City Council or the filing of electors' petitions seeking such reconsideration.

Since the statute under which the City Council adopted the ordinance in question specifically provides the method to be followed by electors seeking a referendum thereon and fixes the time within which such action may be taken, any other method of procedure by the electors or limitation upon such action is impliedly excluded. *Howlett v. Doglio,* 402 Ill. 311; *People ex rel. Brady v. Gregory,* 331 Ill. App. 259.

■ The aforesaid Article 60 plainly states that the electors of a municipality numbering 15% of the number of electors voting for mayor or president at the last preceding general municipal election may within 10 days after publication of an ordinance file a petition with the Municipal Clerk asking that such ordinance be submitted to the electors of the municipality at an election as therein provided. Certainly this language must be held to definitely exclude the method of procedure which respondents herein saw fit to pursue.

■ The argument of respondents appears to proceed upon the theory that both Articles 19 and 60 of the Act are applicable to the sewer ordinance in question, and that respondents had a choice under which of said Articles they might proceed. Such an argument cannot be sustained for the reason that Article 19 provides that the same is applicable "except when otherwise required by the laws of the state including this Act. . . ." Such an argument overlooks the important fact that Article 19 deals with the matter of ordinances in general, while Article 60 deals specifically with the subject of sewerage improvement ordinances. Since the ordinance in question was passed pursuant to authority contained in Article 60 which provides for a particular method of procedure on the part of the electors, said Article 60 constitutes an exception to Article 19. The language of both of the articles under consideration is clear and unambiguous. The court must give

effect to such provisions according to their expressed meaning.

It seems abundantly clear that Article 19 provides for the procedure to be followed by electors of a municipality who seek to protest passage of ordinances where another and different procedure is not provided by the laws of the State. In the instant case, the court is confronted with a situation where the ordinance in question was passed pursuant to authority contained in Article 60 of the Act, which said article deals with sewerage systems and sewer revenue bonds, and specifies that the electors by complying with certain provisions thereof, may obtain a referendum upon such ordinance.

There appears to be no inconsistency between Article 60 and Article 19. The legislature in enacting said Article 60 conferred upon municipalities the necessary authority to construct, improve and extend sewerage systems and a method by which the same might be financed out of sewer revenue. Said article further provided that upon petition of the electors of a municipality, the question of improving, extending or constructing a sewerage system and the issuing of revenue bonds to pay the cost thereof might be submitted to said electors. It is pertinent to observe that Article 60 contains no provision for protesting the passage of an ordinance providing for a sewer project or for reconsideration thereof by the governing body of a municipality. The referendum provided by the Act is for the purpose of determining whether or not such an ordinance shall take effect.

Respondents argue other points, but it will be unnecessary to consider the same since we are of the opinion that the protesting petitions filed with the Clerk of the City of Springfield are not sufficient in law for the reason that they were not filed within the period

155

of 10 days after publication of the ordinance in question as provided by Article 60 of the Revised Cities and Villages Act.

The circuit court of Sangamon county was correct in deciding the issues raised herein in favor of the objectors, and its decree is affirmed.

*Affirmed.*